**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LARRY A. BRYAN,

      Plaintiff-Appellant,

v.

DONNA WHITEMAN, Secretary
of Kansas Social and Rehabilitation
Services; CRISTINE RUSTIA;
DON LEE, LORI RIEDLINGER,
GERTRUDE HANSON, MANI LEE,
CHARLES R. BEFORT, JAN D.
KOLB, MAX TENG, ROBERT
HUERTER, GEORGE STROBEL,
medical personnel,

      Defendants-Appellees.

No. 97-3274
(D.C. No. 95-3076-MLB)
(D. Kan.)

---

ORDER AND JUDGMENT  *

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's grant of summary judgment to defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. He alleged constitutional violations resulting from defendants' administration of antipsychotropic drugs over his objections while plaintiff was under defendants' care for treatment and competency evaluation pending trial on a murder charge. The district court concluded that the facts of the case did not demonstrate a violation of plaintiff's liberty interest. On appeal, plaintiff contends that his course of medical treatment was somehow connected with counsel's use of an insanity defense at his first criminal trial and that he received ineffective assistance of counsel. Because plaintiff's first trial was vacated, neither the presentation of an insanity defense nor counsel's representation of plaintiff at that trial resulted in prejudice to plaintiff. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (appropriate test for prejudice is whether, "but for counsel's unprofessional errors, the result of the proceeding would have been different."). Without prejudice, plaintiff's claims regarding counsel's ineffectiveness must fail. See id. at 691-92.

After careful review of the parties' briefs and the applicable law, we conclude that the   district court correctly decided this case.  Accordingly, for substantially the same reasons as set out in the     district court's Memorandum and Order dated August 29, 1997, the judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge